United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60568
Conference Calendar

PERCY BOULDIN, JR.,

Plaintiff-Appellant,

versus

CONSTAR PLASTIC, INC., also known as Constar Plastic, Inc.,

Defendant-Appellee.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-305
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Percy Bouldin, Jr., moves this court for leave to proceed in forma pauperis (IFP) on appeal following the grant of summary judgment in favor of Constar Plastic, Inc. (Constar). We construe Bouldin's motion as a challenge to the determination that the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Bouldin's motion addresses only his asserted indigent status and does not challenge the dismissal of his complaint as barred by the statute of limitations. Failure to identify an error in

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's analysis is the same as if the appellant had not appealed the judgment.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Bouldin has not shown that the determination that his appeal would not be taken in good faith was incorrect.  Bouldin's appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, Bouldin's request for IFP status is denied, and his appeal is dismissed. See id.; 5TH CIR. R. 42.2.  Constar's motion to dismiss the appeal is denied.

MOTIONS DENIED; APPEAL DISMISSED.